**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

FRANKLIN E. McCUNE,

        Petitioner,

v.                                      Civil Action No. 5:08cv89
                                       (Judge Stamp)

TERESA WAID, Warden,

        Respondent.

## OPINION/REPORT AND RECOMMENDATION

This case was initiated on April 23, 2008, by the filing of a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. On April 28, 2008, the petitioner was granted leave to proceed *in forma pauperis*. Accordingly, this case is before the undersigned for a report and recommendation pursuant to Standing Order No. 2 and LR PL P § 83.13, et seq.

### I.   Factual and Procedural Background

**A.   Petitioner's Conviction and Sentence**

A review of the exhibits attached to the petition, reveals that the petitioner was indicted by a Grand Jury sitting in the Circuit Court of Harrison County on a charge of Failure to Register or Provide Notice of Registration Changes in violation of West Virginia Code § 15-12-8(b). (Doc. 1-2, p. 2). Following a jury trial, the petitioner was found guilty of this offense, and on September 18, 2006, he was sentenced to a term of imprisonment of not less than two no more than five years. The petitioner did not file a direct appeal. (Doc. 1, p. 2).

**B.   Petitioner's State Habeas Petition**

In February of 2007, the petitioner filed a petition for writ of habeas corpus with the Circuit

Court of Harrison County.  In the petition, the petitioner raised the following grounds for relief:

(1) Violation of Ex Post Facto;

(2) Unconstitutional Statute;

(3) Suppression of helpful evidence by prosecutor;

(4) Ineffective assistance of counsel;

(5) Defects in the indictment; and

(6) Sufficiency of evidence.

The petitioner's omnibus hearing was held on January 23, 2008.  At the time this case was filed, the petitioner's state habeas petition was still pending in the circuit court. (Doc. 1, pp. 3, 5, 6, 7).

## C.   Petitioner's Federal Habeas Petition

On April 23, 2008, the petitioner filed the instant federal habeas petition.  In the petition, the petitioner raises the following grounds for relief:

(1) The Sex Offender Registration Act was enacted on April 10, 1993 but was not made retroactive until June 13, 1999.  Because he discharged the underlying conviction in June of 1991, the Act did not apply to him; and

(2) The assistant Prosecuting Attorney introduced a dismissed indictment during his trial;


As relief, the petitioner seeks to be removed from the West Virginia sex offender Registry and be released immediately from incarceration.

## II.   Analysis

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies.

See 28 U.S.C. §2254(b). Therefore, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). Concerns of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. See Duncan v. Henry, 513 U.S. 364, 365 (1995); see also Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992) (comity requires that the State be given the first opportunity to address and resolve the merits of an inmate's claims). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. at 32; see also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993). A federal court may only consider those issues the petitioner presented to the

state court,[1] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In addition, it is the petitioner's burden to demonstrate that he has exhausted his state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution

Here, although the petitioner did not file a direct appeal from his conviction, he did file a state petition for writ of habeas corpus. However, it is apparent from the petitioner's own pleading, that the petition is still pending before the Circuit Court of Hancock County. Because the State court has not yet issued a decision on the merits of the petitioner's claims, the State has not been afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoner's federal rights. Therefore, the undersigned finds that the petitioner's claims are not exhausted as he still has remedy available in State court. Thus, it is inappropriate for this Court to entertain the petitioner's federal habeas petition at this time and the petition should be dismissed.[2]

### III.  Recommendation

For the reasons stated above, it is recommended that the petitioner's § 2254 petition be **DISMISSED without prejudice** to the petitioner's right to renew the same following the proper

---

[1] Picard v. Connor, 404 U.S. 270 (1971).

exhaustion of state remedies and that his Motion for Summary Judgment (Doc. 6) be **DENIED**.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: May 1, 2008

＿＿/s/ James E. Seibert＿＿＿＿＿＿＿＿
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE