IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FRANKLIN E. McCUNE,

    Petitioner,

v.                                              Civil Action No. 5:08CV89
                                                               (STAMP)
TERESA WAID, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
DENYING MOTION FOR PRELIMINARY INJUNCTION,
DENYING REQUEST FOR HEARING ON
MOTION FOR PRELIMINARY INJUNCTION,
DENYING MOTION FOR TEMPORARY RESTRAINING ORDER,
DENYING MOTION TO SCHEDULE HEARING
ON TEMPORARY RESTRAINING ORDER,
AND DENYING MOTION TO TRANSFER JURISDICTION
TO UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF WEST VIRGINIA**

I.  Procedural History

The pro se[1] petitioner, Franklin E. McCune, an inmate at the Huttonsville Correctional Center, in Huttonsville, Randolph County, West Virginia, was convicted in the Circuit Court of Harrison County, West Virginia on August 1, 2006, of failure to register or provide notice of registration, violation of West Virginia Code § 15-12-8(b). The petitioner was sentenced to a term of

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

imprisonment of not less than two years and not more than five years.  He did not file a direct appeal.

In February 2007, the petitioner filed a petition in the Circuit Court of Harrison County for post-conviction habeas corpus relief.  In that petition, the petitioner raised six grounds for relief: violation of the Ex Post Facto Clause of the United States Constitution; unconstitutional statute; suppression of helpful evidence by the prosecutor; ineffective assistance of counsel; defects in the indictment; and sufficiency of evidence.  While the state petition for a writ of habeas corpus was still pending in the Circuit Court, the petitioner filed the petition in this action under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.

In his federal petition before this Court, the petitioner asserts that the Sex Offender Registration Act has been impermissibly retroactively applied to him and that the assistant prosecuting attorney impermissibly introduced a dismissed indictment as evidence during his trial.

The matter was referred to United States Magistrate Judge James E. Seibert for an initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.13.  Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2254

application be denied for failure to exhaust state court remedies. The petitioner filed timely objections.

While review of the magistrate judge's report was pending before the undersigned judge, the petitioner filed a motion requesting a preliminary injunction against the State of West Virginia to prevent state officials from arresting and prosecuting the petitioner for failure to register after his current sentence is discharged and he is released from custody. The petitioner then filed a letter with this Court requesting a hearing on his motion for a preliminary injunction. Subsequently, the petitioner filed three more motions: a motion for a temporary restraining order, a motion to schedule a hearing on his motion for a temporary retraining order, and a motion to transfer jurisdiction of his § 2254 petition to the United States District Court for the Southern District of West Virginia.

For the reasons set forth below, this Court agrees with the magistrate judge's findings and, accordingly, will overrule the petitioner's objections and will affirm and adopt the magistrate judge's report and recommendation in its entirety. Also for the reasons set forth below, this Court will deny the petitioner's motion for a preliminary injunction, deny his request for a hearing on the motion for a preliminary injunction, deny his motion for a temporary restraining order, deny his motion to schedule a hearing on his motion for a temporary restraining order, and deny his

3

motion to transfer jurisdiction of his § 2254 petition to the United States District Court for the Southern District of West Virginia.

## II. Discussion

A. Report and Recommendation on Petitioner's § 2254 Petition

Title 28, United States Code, Section 2254(b) provides that absent a valid excuse, a state prisoner must exhaust his remedies in state court before pursuing federal habeas relief. To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997). Until the state has been given the opportunity to consider the issue and afford a remedy if relief is warranted, "federal courts in habeas proceedings by state prisoners should stay their hand." Durkin v. Davis, 538 F.2d 1037, 1041 (4th Cir. 1976) (quoting Gilstrap v. Godwin, 517 F.2d 52, 53 (4th Cir. 1975)). The petitioner bears the burden of proving exhaustion. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

In this case, the magistrate judge found that the petitioner's claims are not fully exhausted because his state petition for habeas corpus raises the same claims and that petition is still pending before the Circuit Court of Harrison County.[2] This Court

---

[2] Page four of the report and recommendation erroneously states that the state habeas petition is pending before the Circuit Court of Hancock County. However, this error is immaterial to the analysis.

4

agrees. Based on the record before this Court, it appears that the petitioner's state petition for writ of habeas corpus is still pending before the Circuit Court of Harrison County. Accordingly, the claims that the petitioner raises in his federal petition are not exhausted because he still has a remedy as to those claims in state court. The petitioner objects that this Court should consider the merits of his claims because the state court has failed to adjudicate his claims and protect his constitutional rights. This objection is unavailing because no right to federal habeas review exists without exhaustion. Thus, because the petitioner has failed to exhaust his state remedies, his claims cannot be raised here on federal habeas review. Therefore, the petitioner's objections will be overruled and the magistrate judge's report and recommendation will be affirmed and adopted in its entirety.

B. <u>Motion for Preliminary Injunction and Request for Hearing on Motion for Preliminary Injunction</u>

Federal Rule of Civil Procedure 65 governs the issuance of preliminary injunctions and temporary restraining orders. A preliminary injunction may issue "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Moreover, "[a] party cannot obtain injunctive relief against another without first obtaining in personam jurisdiction over that person or someone in legal privity

with that person." R.M.S. Titanic, Inc. v. Haver, 171 F.3d 943, 957 (4th Cir. 1999) (citing Fed. R. Civ. P. 65(d)).

In his motion for a preliminary injunction, the petitioner seeks to enjoin the State of West Virginia from arresting and prosecuting him for failure to register as a sex offender as required by West Virginia law. However, the State of West Virginia--or the appropriate official thereof--has not been named as a party this action. Accordingly, this Court lacks the authority to grant the relief the petition seeks in his motion for a preliminary injunction, and his motion must be denied.

C.  Request for Hearing on Motion for Preliminary Injunction

After filing his motion for a preliminary injunction, the petitioner filed a temporary restraining order. Injunctive relief in the form of a temporary restraining order like that for a preliminary injunction is governed by Rule 65(d). Therefore, this Court must have jurisdiction over the person or entity against whom the injunction is sought. See Fed. R. Civ. P. 65(d); R.M.S. Titanic, 171 F.3d at 957. The petitioner submitted a letter to this Court approximately three weeks after filing the motion for a preliminary injunction. In that letter, the petitioner states that he wishes to present his arguments orally before this Court. To the extent that this letter may be construed as a motion for a hearing on the motion for a preliminary injunction, it will be denied as moot because, as discussed above, this Court must deny

the motion for a preliminary injunction.  See Fed. R. Civ. P. 65(a), (d); see also R.M.S. Titanic, 171 F. 3d at 957.

D.   Motion for Temporary Restraining Order

The petitioner's motion for a temporary restraining order does not identify the person or entity whose conduct he wishes to enjoin.  If he seeks an injunction against a non-party, the motion must be dismissed for the reasons articulated above.  However, even assuming that the petitioner seeks an injunctive relief against the respondent, Teresa Waid, the motion must be denied on the merits.

The standard for granting injunctive relief is a balancing-of-hardship test, which is set forth in Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977).  The Court must consider the following four factors in making the balance-of-hardship analysis:

> (1)  the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied;
>
> (2)  the likelihood of harm to the defendant if the requested relief is granted;
>
> (3)  the likelihood that the plaintiff will succeed on the merits; and
>
> (4)  the public interest.

Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991).

A court will not grant a preliminary injunction unless the plaintiff first makes a "clear showing" that he will suffer irreparable harm without it.  Id.  The required harm "must be

neither remote nor speculative, but actual and imminent." Id. (citations and internal quotations omitted). If such harm is demonstrated, the court must weigh the likelihood of harm to the plaintiff if an injunction is not granted against the likelihood of harm to the defendant if it is granted. Id. (citation omitted). If the balance of those two factors "tips decidedly" in favor of the plaintiff, "a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991)(citations omitted). However, "[a]s the balance tips away from the plaintiff, a stronger showing on the merits is required." Id. (citation omitted).

Here, the petitioner has alleged that upon his release, he faces possible arrest and potential life imprisonment for failing to register as a sex offender. The alleged harm is neither actual nor imminent. It is both remote and speculative. Therefore, the petitioner fails to establish irreparable harm. However, even assuming, arguendo, that the petitioner has demonstrated irreparable harm, he has nevertheless failed to make the requisite showing that he would be likely to prevail on the merits, particularly given the petitioner's failure to exhaust his state

remedies, as discussed above. Accordingly, the motion for a temporary restraining order will be denied.

E.  <u>Motion to Schedule Hearing for Temporary Restraining Order</u>

Concurrently with his motion for a temporary restraining order, the petitioner filed a motion for a hearing on the temporary restraining order. This Court's ruling denying the motion for a temporary restraining order renders moot the petitioner's request for a hearing on that motion. Therefore, the petitioner's motion to schedule a hearing for a temporary restraining order will be denied.

F.  <u>Motion to Transfer Jurisdiction of § 2254 to the Southern District of West Virginia</u>

Finally, the petitioner asks this Court to transfer his habeas corpus petition under 28 U.S.C. § 2254 to the United States District Court for the Southern District of West Virginia. A § 2254 petition may be filed in either the district court for the district where the applicant is in custody or in the district court for the district within which the state court was held which convicted and sentenced the applicant, and each of such district courts shall have concurrent jurisdiction. The district court wherein the application is filed may transfer the application to the other district court for hearing and determination. <u>See</u> 28 U.S.C. § 2241(d)

Here, at the time of filing, the petitioner was in custody in Huttonsville Correctional Center, Huttonsville, Randolph County, West Virginia, under the judgment of the Circuit Court of Harrison County, West Virginia. Both locations fall within the jurisdiction of the United States Court for the Northern District of West Virginia, and this Court is where the petitioner filed his petition. Accordingly, the motion to transfer jurisdiction of the § 2254 petition will be denied.

## III. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation. The petitioner's petition under 28 U.S.C. § 2254 is DENIED without prejudice for failure to exhaust state remedies. It is ORDERED that the petitioner's § 2254 petition be DISMISSED WITHOUT PREJUDICE to the petitioner's right to renew the same following proper exhaustion of state court remedies. It is also ORDERED that the petitioner's motion for a preliminary injunction be DENIED; that the petitioner's request for a hearing on the motion for a preliminary injunction be DENIED; that the petitioner's motion for a temporary restraining order be DENIED; that the petitioner's motion to schedule a hearing on his motion for a temporary restraining order be DENIED; and that the

petitioner's motion to transfer jurisdiction of his § 2254 petition to the United States District Court for the Southern District of West Virginia be DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     January 27, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE